NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CLARISA MANLAPIG
LICO; BUENAVENTURA LAGADAN
LICO, Jr.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1152

Agency Nos.
A205-326-711
A205-326-712

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023**
San Francisco, California

Before: MILLER and KOH, Circuit Judges, and MOLLOY, District Judge.***

Clarisa Manlapig Lico ("Ms. Lico") and Buenaventura L. Lico, Jr. ("Mr.

Lico"), natives and citizens of the Philippines, petition for review of the Board

of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Judge's ("IJ") order denying Ms. Lico's application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks omitted) (quoting *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011)). We review questions of law de novo and factual findings for substantial evidence. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

1. Because Mr. Lico did not file an independent application for either statutory withholding of removal or CAT relief and no derivative status exists for such relief, *Ali v. Ashcroft*, 394 F.3d 780, 782 n.1 (9th Cir. 2005), Mr. Lico is not eligible for relief. Thus, our review is limited to Ms. Lico's claims.

2. Ms. Lico did not waive her claims. Although Ms. Lico's briefing could have been more thorough, she sufficiently identified the agency rulings at issue and the facts from the record that she believes support her position. *Compare with Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) ("Because Acosta-Huerta made no argument with respect to the remaining issues . . . they are deemed abandoned."). Therefore, we review her petition on the merits.

2                                                                    22-1152

3. Substantial evidence supports the IJ's determination that Ms. Lico failed to establish a cognizable social group or a nexus to that group. Ms. Lico insists that she was targeted because of her social status, i.e., the fact that her husband worked abroad and she was considered wealthy in the Philippines. But Ms. Lico's social group is not cognizable because wealth is not an immutable characteristic "because it is not fundamental to an individual's identity" and can change over time. *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021). And, even recognizing that the association need only be "a reason" for the harm, *see Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017), the two incidents were perpetrated by different individuals, who targeted everyone.

Substantial evidence also supports the agency's determination that while Ms. Lico established a genuine subjective fear of future persecution, it is not objectively reasonable. She makes no claim that a "pattern or practice" of such persecution exists, *see Wakkary v. Holder*, 558 F.3d 1049, 1060–61 (9th Cir. 2009), and her generalized fear of violent crime and corruption is insufficient to meet her burden of showing "credible, direct, and specific evidence" that she will be persecuted upon her return to the Philippines, *Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir. 2004) (quoting *Fisher v. I.N.S.*, 79 F.3d 955, 960 (9th Cir. 1996)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

The incidents at issue occurred more than twenty years ago, Ms. Lico returned to the Philippines in the interim without incident, and there is no indication these men are still looking for her.

Accordingly, Ms. Lico failed to show eligibility for withholding of removal.

4. Substantial evidence supports the IJ's determination that Ms. Lico failed to establish that it is more likely than not that she would be tortured if removed. The prior robbery incidents do not qualify as torture, *see Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) ("Torture is defined as an extreme form of cruel and inhuman treatment that is specifically intended to inflict severe physical or mental pain or suffering." (internal quotation marks omitted)), and the record shows that Ms. Lico and her husband returned to the Philippines in 2001 without incident. While the 2018 Human Rights Report indicates that torture occurs in the Philippines—for example, against suspected drug traffickers—Ms. Lico has presented no evidence that she is more likely than not to find herself in such a position. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (explaining that eligibility for CAT relief requires more than "generalized evidence of violence and crime" that was "not particular to [p]etitioners"). Thus, the record does not compel a contrary finding to that made by the IJ.

22-1152

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in effect until the issuance of the mandate.  (*See* Dkt. 2.)